# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 24-1682V

| | |
|---|---|
| MICHAEL T. WAGNER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: June 9, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.

*Alyssa M. Petroff*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 18, 2024, Michael T. Wagner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on or about October 24, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 7, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 6, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $52,000.00. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,000.00 (in pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| **MICHAEL T. WAGNER**, <br><br> Petitioner, <br><br> v. <br><br> **SECRETARY OF HEALTH AND HUMAN SERVICES**, <br><br> Respondent. | No. 24-1682V <br> Chief Special Master Corcoran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 18, 2024, Michael T. Wagner ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccination received on October 24, 2022. Petition at 1. On May 7, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on May 7, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 15; ECF No. 16.

**I.    Compensation**

Respondent proffers that petitioner should be awarded $52,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. <u>Form of the Award</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $52,000.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                          Respectfully submitted,

                          YAAKOV M. ROTH
                          Acting Assistant Attorney General

                          C. SALVATORE D'ALESSIO
                          Director
                          Torts Branch, Civil Division

                          HEATHER L. PEARLMAN
                          Deputy Director
                          Torts Branch, Civil Division

                          COLLEEN C. HARTLEY
                          Assistant Director
                          Torts Branch, Civil Division

                          ***/s/ Alyssa M. Petroff***
                          ALYSSA M. PETROFF
                          Trial Attorney
                          Torts Branch, Civil Division
                          U.S. Department of Justice
                          P.O. Box 146, Benjamin Franklin Station
                          Washington, D.C. 20044-0146
                          Tel: (202) 307-3852
                          Fax: (202) 616-4310
                          Email: Alyssa.Petroff2@usdoj.gov

Date: June 6, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2